UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22210-BLOOM

CELACE POLIARD,

    Petitioner,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon *pro se* Petitioner, Celace Poliard's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. [1]. For the following reasons, the Petition is dismissed for lack of jurisdiction.

"Federal courts have ... have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is ... cognizable under a different remedial ... framework." *Faison v. Warden, Calhoun Corr. Inst.*, 2021 WL 5447108, at *1 (S.D. Fla. Nov. 22, 2021) (citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)). Here, Petitioner challenges "[t]he validity of [his] conviction or sentence as imposed" in case number 18-CR-20907-BB. ECF No. [1] at 3. Petitioner, admittedly, has already filed a motion under 28 U.S.C. § 2255 challenging the validity of his conviction or sentence as imposed. *See id.* at 4. When asked why § 2255 is an inadequate remedy, he states that "he raised the issue" but "the district court denied him unrighteously[.]" *Id.* at 5.

The Court confirms that Petitioner has already filed a § 2255 motion challenging the validity of his conviction and sentence in case number 18-20907-CR-BB. *See Poliard v. United States*, No. 19-CV-21788-CIV (S.D. Fla. July 2, 2020) (Moreno, J), ECF No. [17] at 8 (denying

Petitioner's motion to vacate). Petitioner later filed a Letter, CV1 ECF No. [29],[1] which the court denied reasoning that "[t]o the extent that Plaintiff's letter challenges his sentence, the Court lacks jurisdiction to consider his request. Plaintiff has not been granted leave to file a second or successive motion under 28 U.S.C. § 2255. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.")." CV1 ECF No. 30.

Petitioner now seeks to challenge the validity of his conviction and sentence as imposed under the guise of a section 2241 petition. *See generally* ECF No. [1]. However, the Court concludes that Petitioner's claim is not cognizable under § 2241 and construes the petition as a motion to vacate sentence under § 2255. Because Petitioner has already filed a § 2255 motion, the instant motion is successive. "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear a second or successive § 2255 claim absent authorization from the United States Court of Appeals for the Eleventh Circuit. *See Holt*, 417 F.3d at 1175. Accordingly, Petitioner's case must be dismissed for lack of jurisdiction.

Lastly, because the Court lacks subject matter jurisdiction to consider the present successive motion, the court may not issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

For the foregoing reasons, Movant Celace Poliard's construed Motion to Vacate Sentence Under 28 U.S.C. § 2255, **ECF No. [1]**, is **dismissed** for lack of jurisdiction. The Clerk is directed to **CLOSE** the case.

---

[1] References to docket entries in Petitioner's prior § 2255 proceeding, case number 19-CV-21788, are denoted with CV1 ECF No.

Case No. 23-cv-22210-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Celace Poliard
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE